James Michael SNIDER, Petitioner,

v.

Charles A. DANIELS, Warden, FCI Sheridan, Oregon, Respondent.

No. CV 05 1269 HA.

United States District Court, D. Oregon.

Aug. 15, 2006.

Stephen R. Sady, Steven T. Wax, Federal Public Defender, Portland, OR, for Petitioner.

Herbert C. Sundby, Scott Erik Asphaug, United States Attorney's Office, Portland, OR, Theresa Tolentino Talplacido, United States Department of Justice, Seattle, WA, for Respondent.

## OPINION AND ORDER

HAGGERTY, Chief Judge.

Petitioner is an inmate at the Federal Correctional Institution ("FCI") in Sheridan, Oregon. He brings this Petition for Writ of Habeas Corpus (doc. # 1) under 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has arbitrarily and capriciously refused to award him good time credits pursuant to 18 U.S.C. § 3624(b)(1), which allows BOP to award annually up to 54 days of credit towards the service of a prisoner's sentence if the prisoner "has earned, or is making substantial progress toward earning, a high school diploma or an equivalent degree."

Petitioner argues (1) BOP failed to follow its own rules regarding the award of good time credits resulting from educational attainment and (2) violated petitioner's liberty interest due process rights, by refusing to award the good time credits.

For the reasons that follow, the court finds BOP has acted arbitrarily and capriciously in failing to follow regulations and BOP's Program Statement regarding petitioner's eligibility for good time credits. The court, therefore, does not need to address petitioner's due process argument.

The Petition for Writ of Habeas Corpus is **GRANTED**.

## BACKGROUND

█ Petitioner was convicted on five counts of the Manufacture and Distribution of Methamphetamine and one count of Felon in Possession of a Firearm and was sentenced to 30 years imprisonment pursuant to the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"). Petitioner began serving his sentence at the federal prison in Lompoc, California. While at that facility, petitioner completed 240 hours of classroom instruction in the BOP's functional literacy program. He was then transferred to Victorville, where he completed 139 hours of classroom instruction in a GED program, before voluntarily withdrawing. Petitioner rejoined the program and completed an additional 30 hours of classroom instruction before withdrawing a second time. As a result of his withdrawal from the GED program, BOP changed his education status to "GED UNSAT" (GED progress unsatisfactory). Resp. Ans., Toney Decl. at 1–2.

In November 2002, petitioner was transferred to FCI Sheridan, where he was counseled to reenroll in the GED program. He refused and, instead, enrolled in a correspondence program offered by Thomson High School, which awarded him a high school diploma in September 2004.[1]

Petitioner contends he met BOP's requirements for eligibility for good time credits by completing 240 hours in a functional literacy program and obtaining a high school diploma. BOP disagrees, asserting petitioner's high school diploma from a correspondence school does not meet BOP's eligibility requirements.

The court need not decide whether a correspondence course program leading to a high school diploma meets BOP's eligibility requirements for good time credits because the regulations promulgated to implement § 3624(b)(1), and BOP's Program Statement require only the completion of 240 hours in a functional literacy program, not a high school diploma or a GED certificate.

28 C.F.R. § 544.70 sets forth the general requirement:

> [A]n inmate confined in a federal institution who does not have a verified [GED] credential or high school diploma is required to attend an adult literacy program for a minimum of 240 instructional hours or until a GED is achieved, *whichever occurs first.*

(Emphasis added).

28 C.F.R. § 544.73(b)(1) addresses requirements specific to inmates subject to the VCCLEA:

> [A]n inmate subject to the VCCLEA ... shall be deemed to be making satisfactory progress toward earning a GED credential or high school diploma unless and until the inmate receives a progress report assignment confirming that:
>
> (i) The inmate refused to enroll in the literacy program;
>
> (ii) The inmate has been found to have committed a prohibited act that occurred in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program; or
>
> (iii) The inmate has withdrawn from the literacy program.

None of the three events described above apply to petitioner because he completed the requisite 240 hours of functional literacy instruction while he was at FCI Lompoc. Section 544(b)(2)(c) provides:

---

**1.** Petitioner's educational history while in custody is provided by Jeff Toney, Assistant Supervisor of Education af FCI Sheridan.

At the end of 240 instructional hours, ... the unit team during scheduled program review sessions shall meet with the inmate to encourage continued participation in the literacy program until the inmate earns a GED credential or high school diploma. *At these meetings, the inmate may elect not to continue in the literacy program, and no disciplinary action will be taken.* The inmate may not discontinue this program when participation is mandated by statute.

(Emphasis added).

BOP's Program Statement 5350.28 provides that "[t]his Literacy Program Statement requires inmates who do not have a GED credential or a high school diploma to complete one period (240 instructional hours) of literacy program participation during their confinement." Resp. Ans., Chabot Decl. at 3. BOP further states that "[i]f an inmate does not earn a GED credential within 240 instructional hours, the literacy coordinator should strongly encourage the inmate to continue in the literacy program." As noted, Jeff Toney, BOP's Assistant Supervisor of Education at FCI Sheridan acknowledges petitioner completed a single period of 240 hours of instruction in a literacy program while he was confined at FCI Lompoc.

■ "BOP is without discretion to go beyond the unambiguous terms of its program statement." *See Kuna v. Daniels,* 234 F.Supp.2d 1168, 1169 (D.Or.2002)("The BOP acted arbitrarily in denying petitioner eligibility [for good-time credits] and imposing additional eligibility requirements not contained in its program statements.").

## CONCLUSION

The Petition for Writ of Habeas Corpus (doc. # 1) is **GRANTED**. Petitioner is eligible for good time credits because he completed a single period of 240 hours of functional literacy instruction in compliance with BOP's Program Statement.

IT IS SO ORDERED.